1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

7
8
9  | COLVIN J.  PLUMMER,                          )       3:11-cv-00865-ECR-WGC

10  |             Plaintiff,                      )       **REPORT AND RECOMMENDATION**
11  |     vs.                                     )       **OF U.S. MAGISTRATE JUDGE**
12  | ROBERT BANNISTER, et. al.                   )
13  |             Defendants.                     )

14
15         This Report and Recommendation is made to the Honorable Edward C.  Reed, Jr.,

16  Senior United States District Judge. The action was referred to the undersigned Magistrate

17  Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before

18  the court is Defendants' Motion to Dismiss. (Doc. # 12.)[1] Plaintiff opposed (Doc. # 17) and

19  Defendants replied (Doc. # 18). After a thorough review, the court recommends that

20  Defendants' motion be granted.

21                              **I. BACKGROUND**

22         At all relevant times, Plaintiff Colvin J. Plummer was an inmate in custody of the

23  Nevada Department of Corrections (NDOC). (Pl.'s Compl. (Doc. # 4) at 1.) The events giving

24  rise to this litigation took place while Plaintiff was housed at Northern Nevada Correctional

25  Center (NNCC). (*Id*.) Plaintiff, a *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983.

26  (*Id*.)  Defendants are Robert Bannister, Marsha Johns, David Mar, and Karen Gedney. (*Id*. at

27  2-3.)

28
_____

    [1] Refers to court's docket number.

1    On screening, the court determined that Plaintiff states a colorable claim under the

2  Eighth Amendment for deliberate indifference to serious medical needs related to  the alleged

3  denial of pain medication for longstanding pain associated with a chronic hip condition and a

4  failure to refer Plaintiff to a specialist for a hip replacement. (Screening Order (Doc. # 3) at 2.)

5    Defendants move to dismiss this action arguing that Plaintiff failed to exhaust his

6  administrative remedies prior to filing his Complaint. (Doc. # 12.)

7                                    **II.  LEGAL STANDARD**

8    The PLRA provides that "[n]o action shall be brought with respect to prison conditions

9  under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

10  prison, or other correctional facility until such administrative remedies as are available are

11  exhausted." 42 U.S.C. § 1997e(a). An inmate must exhaust his administrative remedies

12  irrespective of the forms of relief sought and offered through administrative avenues. *Booth*

13  *v. Churner*, 532 U.S. 731, 741 (2001). The Supreme Court has clarified that exhaustion cannot

14  be satisfied by filing an untimely or otherwise procedurally infirm grievance, but rather, the

15  PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). "Proper

16  exhaustion" refers to "using all steps the agency holds out, and doing so *properly* (so that the

17  agency addresses the issues on the merits)." *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022,

18  1024 (7th Cir. 2002)) (emphasis in original).

19    This court has interpreted Justice Alito's majority opinion in *Woodford* as setting forth

20  two tests for "proper exhaustion": (1) the "merits test," satisfied when a plaintiff's grievance is

21  fully addressed on the merits by the administrative agency and appealed through all the

22  agency's levels, and (2) the "compliance test," satisfied when a plaintiff complies with all critical

23  procedural rules and deadlines. *Jones v. Stewart*, 457 F. Supp. 2d 1131, 1134 (D. Nev. 2006).

24  "A finding that a plaintiff has met either test is sufficient for a finding of 'proper exhaustion.'

25  Defendants must show that Plaintiff failed to meet both the merits and compliance tests to

26  succeed in a motion to dismiss for failure to exhaust administrative remedies." *Id.*

27    The failure to exhaust administrative remedies is treated as a matter in abatement and

28

is properly raised in an unenumerated Rule 12(b) motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.2003). Failure to exhaust administrative remedies is an affirmative defense, and defendants bear the burden of raising and proving failure to exhaust. *Id.* A court, in deciding a motion to dismiss based on exhaustion, may look beyond the pleadings and decide disputed issues of fact without converting the motion into one for summary judgment. *Id.* (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam)). If a court concludes that the prisoner bringing a suit has failed to exhaust nonjudicial remedies, "the proper remedy is dismissal of the claim without prejudice." *Id.* at 1120.

For prisoners within the NDOC system, exhaustion of administrative remedies requires complying with the inmate grievance procedure set forth in NDOC Administrative Regulation (AR) 740. (Doc. # 12 at 3-4; Doc. # 12-2 at 2-13 (Ex. A).) Under the version of AR 740 effective during the time period in question, the procedure consisted of: (1) an informal level grievance; (2) a first level grievance; and (3) a second level grievance. (*Id.*)

### III. DISCUSSION

According to Defendants, Plaintiff failed to exhaust his administrative remedies *prior* to filing his Complaint. (Doc. # 12 at 5.)

Plaintiff's Complaint and application to proceed in forma pauperis were submitted to the court on December 1, 2011. (*See* Doc. # 1.)

A review of the grievance documentation submitted by Defendants reveals that Plaintiff submitted an informal level grievance, number 2006-29-3109, related to treatment of his hip condition on September 21, 2011. (Doc. # 12-2 at 16-17.) It appears that the informal level grievance was denied on December 23, 2011. (*Id.* at 16.) Plaintiff filed a first level grievance on December 26, 2011. (*Id.* at 20.) The response to the informal level grievance was upheld at the first level on January 24, 2012. (*Id.* at 20.)

Plaintiff filed an informal level grievance, number 2006-29-33732, related to the discontinuation of his pain medication on October 13, 2011. (Doc. # 12-2 at 23-24.) This was

3

1  denied by NDOC personnel on December 23, 2011. (*Id.*)  Plaintiff filed his first level grievance

2  related to this issue on December 26, 2011. (*Id.* at 27.)  The informal level grievance decision

3  was upheld at the first level on January 24, 2012. (*Id.*)

4      The foregoing demonstrates that Plaintiff failed to exhaust his available administrative

5  remedies by proceeding through *each* of the *three* levels of NDOC's grievance process *before*

6  filing this action.

7      The Ninth Circuit has made it clear that the PLRA requires exhaustion *prior* to

8  initiation of the lawsuit. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per

9  curiam) (exhaustion requirement does not permit prisoner to file complaint addressing non-

10  exhausted claims even if he exhausts while case is pending); *see also Vaden v. Summerhill*, 449

11  F.3d 1047, 1050-51 (9th Cir. 2006) ("The bottom line is that a prisoner must pursue the prison

12  administrative process as the first and primary forum for redress of grievances. He may initiate

13  litigation in federal court only after the administrative process ends and leaves his grievances

14  unredressed.  It would be inconsistent with the objectives of the statute to let him submit his

15  complaint any earlier than that."). Allowing Plaintiff to proceed with claims without having

16  exhausted *prior to* filing his complaint would create an end-run around the PLRA, which

17  provides that "[n]o action shall be brought with respect to prison conditions...until such

18  administrative remedies as are available are exhausted." 28 U.S.C. § 1997(e); *see also Vaden,*

19  449 F.3d 1050-51*; McKinney,* 311 F.3d at 1199-1201.

20      Plaintiff cites authority from other circuits for the proposition that special circumstances

21  may justify a prisoner's failure to comply with the exhaustion requirements. (*See* Doc. # 17 at

22  2.) That is not the status of the law in the Ninth Circuit. While the Ninth Circuit has recognized

23  exceptions to the exhaustion requirement, none of the recognized exceptions are applicable

24  here. *See Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (citation omitted) (recognizing

25  as exceptions: "administrative procedures were unavailable, that prison officials obstructed

26  [an] attempt to exhaust or that [the inmate] was prevented from exhausting because

27  procedures for processing grievances weren't followed."); *see also Sapp v. Kimbrell*, 623 F.3d

28

4

813, 822 (9th Cir.  2010) ("We have recognized that the PLRA therefore does not require exhaustion when circumstances render administrative remedies 'effectively unavailable.").

Having failed to exhaust available administrative remedies *prior to* filing his Complaint, Plaintiff's action should be dismissed without prejudice.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order that Defendants' motion (Doc. # 12) be **GRANTED** and Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**.

**IT IS HEREBY FURTHER RECOMMENDED** that the District Judge enter an order that Plaintiff's pending Motion for Preliminary Injunction (Doc. # 11) be **DENIED AS MOOT**.

The parties should be aware of the following:

1.       That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt.  These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.       That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: September 18, 2012.

_____
WILLIAM G.  COBB
UNITED STATES MAGISTRATE JUDGE

5